Pringle v. Jackson Fence Co. 171 Wis. 634.

proximately contributed to the injury, absolved the driver of plaintiff's car from contributory negligence, and assessed plaintiff's damages at $600. Judgment was rendered on the verdict, and the defendants appealed.

*Edward H. Hibbard* of Milwaukee, for the appellants.

For the respondent there was a brief by *Glicksman, Gold & Corrigan* of Milwaukee, and oral argument by *Walter D. Corrigan.*

PRINGLE, Appellant, vs. JACKSON FENCE COMPANY, Respondent.

*May 6—June 1, 1920.*

*Master and servant: Tender of resignation: Wrongful discharge: Compensation.*

Where a salesman, before the expiration of his contract, requested by letter that his resignation be accepted, such tender of resignation was not a breach of contract; and the employer's reply that the salesman had breached his contract by

writing the letter of resignation was a wrongful discharge justifying recovery of salary, commission, and expenses up to the time the resignation was to take effect.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

Action begun in the civil court of Milwaukee county to recover compensation for services rendered the defendant under a contract of employment beginning July 1, 1915, and terminating July 1,. 1917. Plaintiff was a traveling salesman selling products of the defendant's factory, consisting of fence, gates, and structures. On March 1, 1917, he wrote the defendant to the effect that owing to the higher prices and the consequent falling off in trade he was of the opinion that the other salesmen in Wisconsin could take care of all the business of defendant therein, and stated: "Please accept my resignation to become effective April 1." On March 7th defendant wrote him:

· "Upon my return to the office after an absence of three weeks I find your letter of March 1st tendering resignation, which of course constitutes a breach on your part of certain contract made with this company and dated May 31, 1915, covering services for two years from July 1, 1915, hence relieves us of obligation on our part of fulfilling terms of same, and we will accept your resignation to become effective as per date of your communication, namely, March 1, 1917."

This letter was received by plaintiff March 10th, up to which time he had continued to sell goods for defendant. After that date he could make no sales because the trade had been notified by defendant that he was no longer in its employ. He sought to recover for salary, expenses, and commissions up to April 1, 1917, and this the trial court permitted him to do on the ground that, though the plaintiff had no right to resign, he believed he had, and in any event it was the duty of defendant to inform plaintiff that it did not accept his resignation and would hold him to the terms of his contract; that it had no right to discharge him under

the circumstances; and judgment was entered for plaintiff for a balance due after deducting a counterclaim concerning which there was no dispute. Defendant appealed to the circuit court. There plaintiff's claim was disallowed because he had breached his contract, and judgment went for defendant on its counterclaim. Plaintiff appealed.

For the appellant the cause was submitted on the brief of *Alexander & Burke* of Milwaukee.

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *J. V. Quarles,* of counsel, all of Milwaukee, and oral argument by *J. V. Quarles.*

VINJE, J. The civil court did not make formal findings of fact as it should have done, but it is evident from its written decision that it found that plaintiff did not breach his contract in his letter of March 1, 1917, by asking defendant to accept his resignation to become effective April 1st next. We think this finding is sustained by the facts and should not have been set aside by the circuit judge. Defendant's declaration in its letter that plaintiff's request to have his resignation accepted constituted a breach of the contract is a mere erroneous conclusion of law that bound neither party. Defendant should have done what the trial court suggested—either accepted the resignation as requested or refused to do so. Had it done the latter, the plaintiff might have continued in his employment till the contract was completed. Had he not, then he would have breached it. Plaintiff's letter must be construed as a mere request to have the contract terminate April 1st, which if refused bound him to continue in the employment. It follows that defendant wrongfully discharged plaintiff and that the latter is entitled to recover his salary, commissions, and expenses up to April 1, 1917, as the trial court found.

*By the Court.*—Judgment reversed, and cause remanded with directions to affirm the judgment of the civil court.